IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| EF-290, LLC d/b/a Epic Fun, | § | CASE NO. 20-10640-TMD |
| | § | |
| Debtor. | § | CHAPTER 11 |

**EXPEDITED MOTION OF BBCC OAK HILL, L.P.
TO CONVERT CASE TO A CASE UNDER CHAPTER 7**

TO THE HONORABLE TONY M. DAVIS,
UNITED STATES BANKRUPTCY JUDGE:

BBCC Oak Hill, LP ("BBCC"), landlord of EF-290, LLC (the "Debtor"), files this its Expedited Motion to Convert Case to a Case Under Chapter 7 ("Motion to Convert"). In support of its Motion to Convert, BBCC shows the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and/or (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The basis for the relief requested herein is 11 U.S.C. § 1112(b)(1).

**FACTS**

2. The Debtor filed this voluntary Subchapter V, Chapter 11 Bankruptcy Case on May 29, 2020 (the "Petition Date"). The Debtor continues to operate its business as a debtor-in-possession. Michael Colvard is the Subchapter V Trustee in the Bankruptcy Case.

3. Prior to Petition Date, on September 29, 2016, the Debtor and BBCC entered into a lease for commercial property in Austin, Texas (the "Lease").[1] The Debtor operates a family entertainment venue branded "Epic Fun" in southwest Austin, located at the "Y" in Oak Hill

---

[1] Attached hereto as *Exhibit A* is the Lease between the Debtor and BBCC.

where state highways 71 and 290 diverge toward Bee Caves and Dripping Springs, respectively. The Debtor leases a 27,368 square foot facility from BBCC, which owns the Oak Hill Plaza Shopping Center. This facility is the Debtor's sole operational location. The Debtor's facility is the largest leased premises in the Oak Hill Plaza shopping center and the premises represents 23.69% of the rentable area in the shopping center.

4. The Lease requires a "Minimum Guaranteed Rent" payment in the amount of $42,032.69 per month. In addition, the lease requires monthly payment of "Additional Rent" comprised of the Debtor's *pro-rata* share of operating costs, including, as defined by the leases, common area maintenance charges, insurance expenses, and real estate charges. On a monthly basis, the Additional Rent due is in the approximate amount of $18,062.88. The Debtor has not paid the Minimum Guaranteed Rent or the Additional Rent for April 2020 or May 2020. The Debtor did not pay post-petition Minimum Guaranteed Rent or the Additional Rent for June 2020. The Debtor's current projections do not reflect any ability to timely post-petition rent. The Debtor's current projections do not reflect any ability to cure the pre-petition arrearage on the effective date of any plan of reorganization.

5. Effectively, BBCC is being asked to involuntarily extend unsecured, post-petition credit to the Debtor without any meaningful offer of adequate protection. Meanwhile, the direction the Debtor intends to take in this case is unclear. At a hearing on June 17, 2020, the Debtor announced, through counsel, its intention to promptly liquidate in the context of the chapter 11. At the 341 meeting of creditors on June 23, 2020, the Debtor announced the intention to resume operations as of July 1, 2020, with a focus on obtaining new investors. While BBCC understands that a Debtor can pursue several paths in a chapter 11 case, if the

2

Debtor is not going to (and cannot) timely perform its obligations under the Lease, BBCC requests that the Bankruptcy Case be converted to a case under chapter 7.

## RELIEF REQUESTED

6. Several sections of the Bankruptcy Code impact the BBCC's request for conversion. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3) (emphasis added). Section 365(b)(1) provides, in relevant part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default ….

11 U.S.C. § 365(b)(1). Pursuant to section 1112(b)(4), a case under chapter 11 may be dismissed or converted for "cause" including a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4). Section 1129(a)(9)(A) requires that administrative claims be paid in full, in cash, on the effective date of a chapter 11 plan. The provisions of newly implemented Subchapter V, Small Business Debtor Reorganization do not modify any of these sections. *See, e.g.*, 11 U.S.C. §§ 1181, 1184, 1190 and 1191.

7. Here, by failing to pay post-petition rent to BBCC, the Debtor is indisputably operating at a substantial loss in excess of $60,000 per month. There does not appear to be a reasonable likelihood of rehabilitation. Meanwhile, BBCC is being asked to involuntarily extend post-petition unsecured credit without any meaningful adequate protection. Factually, the lease is an essential part of the Debtor's continued operations. Any assumption of the lease will require

prompt cure of sizeable pre-petition arrearage and adequate assurance of future performance. Confirmation of any plan would require payment in full of post-petition rental obligations on the effective date. Given the financial status of the Debtor, there is no reasonable likelihood that a plan will be confirmed within the time frame established in Subchapter V governing small business debtor reorganization. Under the circumstances, cause exists to convert the case to one under chapter 7.

WHEREFORE, BBCC Oak Hill, L.P. respectfully requests that the Court enter an order converting this case to one under chapter 7, and that BBCC Oak Hill, L.P. have such other and further relief as is just and equitable.

Dated: June 23, 2020　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　Kell C. Mercer, PC
　　　　　　　　　　　　　　　　　　　　　　1602 E. Cesar Chavez Street
　　　　　　　　　　　　　　　　　　　　　　Austin, Texas 78702
　　　　　　　　　　　　　　　　　　　　　　(512) 767-3214
　　　　　　　　　　　　　　　　　　　　　　kell.mercer@mercer-law-pc.com

　　　　　　　　　　　　　　　　　　　　　　 */s/ Kell C. Mercer*
　　　　　　　　　　　　　　　　　　　　　　By: Kell C. Mercer
　　　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24007668

**COUNSEL FOR BBCC OAK HILL, LP**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 23, 2020, a true and correct copy of the foregoing pleading was forwarded via this Bankruptcy Court's CM/ECF notification system and/or email to the parties registered for such service and by regular United States mail upon the parties on the attached service list and upon the following:

EF-290, LLC d/b/a Epic Fun
7101 Highway 71
Austin, TX 78735

Michael G. Colvard
300 Convent St.
San Antonio, TX 7820

4

H. Charlie Shelton, II
Todd Brice Headden
Hajjar Peters LLP
3144 Bee Caves Rd.
Austin, TX 78746

Marvin E. Sprouse, III
Sprouse Law Firm
401 Congress Avenue, Suite 1540
Austin, Texas 78701

                                                       */s/ Kell C. Mercer*
                                                       Kell C. Mercer